IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DANIEL JACK,<br><br>Plaintiff,<br><br>v.<br><br>SELECT SERVICING PORTFOLIO, INC.,<br><br>Defendant. | Civil Action No.<br>1:22-cv-01575-VMC |

**ORDER**

This matter is before the Court on Defendant Select Portfolio Servicing, Inc.'s[1] ("SPS") Motion to Dismiss (Doc. 2). For the reasons that follow, the Court will grant Defendant's Motion, but allow Plaintiff leave to file an amended complaint.

**I. Background**

This diversity action raising claims solely under Georgia law was commenced by Mr. Jack's filing of a Verified Complaint in the Superior Court of

---

[1] The Court notes that there is an apparent inconsistency between the Defendant's name in the original Complaint and the Defendant's pleadings. The Clerk is directed to correct the Defendant's name to "Select Portfolio Servicing, Inc."

DeKalb County, Georgia on March 18, 2022. (Doc. 1 at ¶ 1, 1-1).[2] In 2008, Mr. Jack, his wife Rosa Jack, and his son Daniel Jack, Jr.,[3] purchased the property located at 1185 To-Lani Drive, Stone Mountain, Georgia, 30083 (the "Property") through a mortgage with Wachovia Bank, National Association[4] in the amount of $243,167.50, secured by a Deed to Secure Debt (the "Security Deed"). (Doc 1-1 at ¶ 5, 7-8; Doc. 1-2 at 2).[5] SPS was named as the servicer of the mortgage account. (Doc. 1-1 at ¶ 11).

In September 2021, SPS, at Mr. Jack's request, sent a payoff statement listing a total payoff amount for his loan of $200,783.32 (Doc. 1-1 at ¶ 14; Doc. 1-1 at 30).

---

[2] Because this case is before the Court on a Motion to Dismiss, the following facts are drawn from Plaintiff's Complaint and are accepted as true. *Cooper v. Pate*, 378 U.S. 546, 546 (1964).

[3] Although Mr. Jack's wife and son are named on the Security Deed, they are not named as parties to this suit. (*See* Doc. 1-1 at 13).

[4] Wachovia was later absorbed by Wells Fargo. Wells Fargo has since assigned the mortgage to a division of U.S. Bank. (Doc 1-1 at ¶ 9-10, 12-13).

[5] The Court may consider the Security Deed in the context of the Motion to Dismiss. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (per curiam) (noting a court may consider an exhibit without converting a motion to dismiss to a motion for summary judgment if the exhibit is "central to the plaintiff's claim and the authenticity of the document is not challenged"). "The Court may also take judicial notice of public documents such as deeds and mortgages in a motion to dismiss without converting it to a motion for summary judgment." *Brown v. Wells Fargo Bank, N.A.*, No. 3:17-CV-44-TCB, 2018 WL 6694921, at *2 (N.D. Ga. Dec. 3, 2018) (citing *Halmos v. Bombardier Aerospace Corp.*, 404 F. App'x 376, 377 (11th Cir. 2010)).

In November 2021, Mr. Jack apparently received a billing statement with a balance of $198,274.38. (Doc. 1-1 at ¶ 15; Doc. 1-1 at 32). He then sent a letter to SPS dated December 1, 2021 (the "December 1 Letter"), stating, in part, "I dispute the balance of $198,274.38 for my loan account as being inaccurate and higher than the actual amount I owe on the loan." (Doc. 1-1 at 32). The letter continued, "Accordingly, since I dispute the accuracy of the current stated balance of my loan account as being $198,274.38, I am forwarding you a Cashiers [sic] check in the amount of $20,000.00 as a full and final settlement of the above disputed amount. Your execution of this check is your tacit agreement to settle the above-mentioned account." (*Id.*).

Then, on or about December 15, 2021, Mr. Jack submitted a cashier's check for $20,000 to SPS (the "Check"). (Doc. 1-1 at ¶ 16; Doc. 1-1 at 34-35). The front of the Check contains handwritten writing, which reads, "SPS, Inc [sic] Account # 0022861638." (Doc. 1-1 at 34). On the back of the Check, below the area for endorsement and inside the area containing the watermark pattern, is typed text in small font:



(Doc. 1-1 at 35). The text reads, "By cashing this check Wells Fargo/SPS Agrees: 1 To except [sic] this $20,000.00 payment in leu [sic] of the $189,274.38 disputed debt on account No. No. [sic] 0028612638."[6] (Doc. 1-1 at 35).

In a letter dated December 17, 2021, SPS wrote to Mr. Jack, "SPS received your recent inquiry(ies) on 12/15/2021. We will review your request(s) and route to the appropriate department for handling. If a response is required one will be provided to you within 30 days from the date we received your inquiry(ies). (Doc. 1-1 at 37). SPS cashed the Check on December 21, 2021. (Doc. 1-1 at 39).

---

[6] The dollar amount of the debt written on the Check is different than the dollar amount in the December 1 Letter to SPS, which may be due to an accidental transposition of numbers. (*Compare* Doc. 1-1 at 32 ("$198,274.38") *to* Doc. 1-1 at 35 ("$189,274.38")).

4

On or about January 6, 2022, Mr. Jack sent SPS a demand for the release of the lien on the Property. (Doc. 1-1 at 41). SPS sent Mr. Jack another letter on or about January 24, 2022, stating, in part:

> SPS acknowledges receipt of your correspondence which was received on 01/20/2022 regarding the above referenced acco[unt.] In your correspondence, you requested information regarding the name of the 'owner' of the account, sometimes also referre[d to] as the 'investor, 'creditor,' and/or 'note holder.'
>
> Towd Point Mortgage Trust 2020-2, U.S. Bank National Association, as Indenture Trustee is the owner of the account, and SP[S is] the mortgage service of the account. Contact information for the owner of the account is provided below:
>
> > Rodney Square North
> > 1100 North Market Street
> > Wilmington, DE 19890.

(Doc. 1-1 at 28).

When SPS did not comply with Mr. Jack's demand to release the lien, Mr. Jack brought this action, alleging that SPS's acceptance of the $20,000 check was a settlement of the outstanding balance on Mr. Jack's mortgage under the Georgia doctrine of accord and satisfaction. (Doc. 1-1 at 9). He seeks specific performance, namely, the release of the lien on the title to the Property. (Doc. 1-1 at 9, 11).

SPS was served with process on March 23, 2022. (Doc. 1 at ¶ 2). SPS then removed the action to this Court (Doc. 1) and filed its Motion to Dismiss on April

5

26, 2022. (Doc. 2). The Court denied Mr. Jack's Motion to Remand (Doc. 5) on June 1, 2022. (Doc. 8).

**II. Legal Standard**

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). For the purposes of a motion to dismiss, the court must accept all factual allegations in the complaint as true; however, the court is not bound to accept as true a legal conclusion couched as a factual allegation. "Accordingly, evaluation of a motion to dismiss requires two steps: (1) eliminate any allegations in the pleading that are merely legal conclusions, and (2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Ridgeline Cap. Partners, LLC v. MidCap Fin. Servs., LLC*, 340 F. Supp. 3d 1364, 1367 (N.D. Ga. 2018) (citing *Iqbal*, 556 U.S. at 679).

Because Mr. Jack is pro se, the Court must construe his pleadings liberally. A pro se complaint must be "held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient

6

pleading in order to sustain an action." *Schwarz v. Ga. Composite Med. Bd.*, No. 21-10288, 2021 WL 4519893, at *2 (11th Cir. Oct. 4, 2021) (quoting *GJR Invs., Inc. v. Cnty of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998)).

Mr. Jack has the burden of proving the existence of an accord and satisfaction. *Rafizadeh v. KR Snellville, LLC*, 280 Ga. App. 613, 615 (2006). Although generally, whether there was an accord and satisfaction is a jury question, it may be resolved as a matter of law where there is no factual dispute. *See Brown v. Wells Fargo Bank, N.A.*, No. 3:17-CV-44-TCB, 2018 WL 6694921, at *3 (N.D. Ga. Dec. 3, 2018).

### III.  Discussion

SPS's Motion to Dismiss argues that Mr. Jack's Complaint should be dismissed for failure to state a claim for one of two independent reasons. First, SPS states that it is not the holder of the Security Deed at issue, and therefore has no power to cancel it. (Doc. 2-1 at 4-5). Second, SPS argues that Mr. Jack has not stated a valid claim for accord and satisfaction of the mortgage loan under Georgia law. (Doc. 2-1 at 5-7).

### A. SPS Is Not the Holder of Mr. Jack's Security Deed.

SPS is correct, and Mr. Jack does not dispute, that SPS is not the holder of the Security Deed. (*See* Doc. 1-1 at ¶ 12 ("On or about May 8, 2020, Wells Fargo Bank assigned Plaintiffs 'Deed To Secure Debt' via 'Corporate Assignment of

7

Security Deed' to U.S. Bank Trust National Association, as Trustee for TOWD Point Master Funding Trust 2020-PM2 at C/O Firstkey Mortgage, LLC.")). Those entities are not parties to this suit. "If the Court were to declare void the lien of a party not before it, the Court would violate the party's right to due process." *Lee v. Select Portfolio Servicing, Inc.*, No. 2:19-140, 2020 WL 4505535, at *4 (S.D. Ga. Aug. 5, 2020) (citing *Morris v. Mobley*, 155 S.E. 8, 11 (Ga. 1930)). As such, even if Mr. Jack had successfully met the doctrine of accord and satisfaction, granting him any relief as against SPS would be ineffective and violate the due process rights of the actual holder of the Security Deed. Mr. Jack requests in the alternative that he be allowed to amend his Complaint to "add the Trust and additional facts to his Complaint." (Doc. 9 at 5-6). For the reasons stated below, the Court finds that Mr. Jack has not stated a claim, but will allow him one opportunity to amend his Complaint to name the appropriate Defendants and plead additional facts.

### B. Mr. Jack Has Not Stated a Claim for Specific Performance Under the Doctrine of Accord and Satisfaction.

Mr. Jack seeks to establish an accord and satisfaction under O.C.G.A. § 13-4-103 (Doc. 1-1 at ¶¶ 26-27), which provides,

> (a) Except as otherwise provided in this Code section, an agreement by a creditor to receive less than the amount of his debt cannot be pleaded as an accord and satisfaction unless it is actually executed by the payment of the money, the giving of additional security, the substitution of another debtor, or some other new consideration.

8

> (b) Acceptance by a creditor of a check, draft, or money order marked "payment in full" or with language of equivalent condition, in an amount less than the total indebtedness, shall not constitute an accord and satisfaction unless:
>
>> (1) A bona fide dispute or controversy exists as to the amount due; or
>>
>> (2) Such payment is made pursuant to an independent agreement between the creditor and debtor that such payment shall satisfy the debt.

O.C.G.A. § 13-4-103. "Under this method, [the debtor] must show that a bona fide dispute or controversy exists as to the amount due under a contract and his creditor accepted a check, draft, or money order marked 'payment in full' or with language of an equivalent condition, in an amount less than the total indebtedness." *Courtland Hotel, L.L.C. v. Pew*, No. 1:07-CV-2659-LTW, 2009 WL 10697498, at *7 (N.D. Ga. Sept. 14, 2009) (citing *Progressive Cas. Ins. Co. v. Evans*, 276 Ga. App. 594, 595-96 (2005); *Golden Peanut Co. v. Bass*, 249 Ga. App. 224, 229-30 (2001)). "This theory requires no meeting of the minds by the parties and the satisfaction occurs by operation of law if the claimant keeps the payment knowing of the implied condition." *Id*. (citing *Golden Peanut*, 249 Ga. App. at 229). "Under this theory, however, if no bona fide dispute exists, then acceptance of a partial payment does not equate to a satisfaction." *Id*. (citing *Golden Peanut*, 249 Ga. App. at 230). "Both parties must have understood and been aware the dispute existed; the dispute cannot be confined to the mind of the sender of the payment."

*Faulconer v. Mortg. Elec. Registration Sys., Inc.*, No. 5:12-CV-246 MTT, 2014 WL 583006, at *5 (M.D. Ga. Feb. 13, 2014) (citing *Rafizadeh*, 280 Ga. App. at 616)). And under longstanding Georgia law, a bona fide dispute requires "good faith on the part of the debtor who submits a payment in full satisfaction of a claim." *Withington v. Valuation Grp., Inc.*, 249 Ga. App. 8, 12 (2001).

Here, Mr. Jack does not sufficiently plead that a bona fide dispute or an independent agreement existed as to the debt, so he has not stated a claim under O.C.G.A. § 13-4-103(b). As there is no allegation of an independent agreement between Mr. Jack and SPS, Mr. Jack must sufficiently allege a bona fide dispute. Based on the Complaint and the attached exhibits, he has not done so, both because he does not sufficiently allege that SPS had knowledge of the purported dispute, and because he does not sufficiently allege that the payment clearly indicated that it was meant to constitute payment in full.

First, Mr. Jack does not sufficiently allege that SPS had knowledge of the purported dispute. While Mr. Jack claims that SPS acknowledged or received his December 1 Letter, and with that knowledge cashed his Check, that allegation is not borne out by the attached exhibits. The exhibits show only that SPS responded to Mr. Jack's December 15, 2021 communication. (Doc. 1-1 at 37 ("SPS received your recent inquiry(ies) on 12/15/2021.")). *See Gill as Next Friend of K.C.R. v. Judd*, 941 F.3d 504, 514 (11th Cir. 2019) ("[W]hen exhibits attached to a complaint

10

'contradict the general and conclusory allegations of the pleading, the exhibits govern.'" (collecting cases)). These allegations do not establish any dispute beyond one "confined to the mind of the debtor."

In contrast, in *Hawthorne*, cited to by Mr. Jack, it was undisputed that the creditor had actual knowledge of a dispute regarding the debt at the time partial payment was tendered. *See Hawthorne Grading & Hauling v. Rampley*, 252 Ga. App. 771, 773 (2001) ("[Creditor] accepted the partial payment with actual knowledge that [debtor] disputed the total amount due and tendered the payment in full satisfaction of the debt."). To show a bona fide dispute, Mr. Jack has the burden of showing that SPS had knowledge of that dispute at the time of his tender of the Check, and he has not done so based on the allegations in the Complaint and the attached exhibits.

Second, Mr. Jack's allegations involving the Check also do not support the existence of a bona fide dispute at the time SPS cashed it. Mr. Jack does not plead that he sent any correspondence along with the Check indicating that he intended the Check to be payment in full. And although the language on the Check does read as Mr. Jack alleges, he has the burden of showing that the writing on the Check, which was meant to indicate that it was payment in full, was clear and legible. The attached version does not establish as much, and the Court is not bound to accept only conclusory allegations.

11

However, "[a] pro se plaintiff [ordinarily] . . . 'must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice,' at least where a more carefully drafted complaint might state a claim." *Carter v. HSBC Mortg. Servs., Inc.*, 622 F. App'x 783, 786 (11th Cir. 2015) (quoting *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991) (emphasis added), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (en banc)). Mindful of this instruction, the Court will give Mr. Jack one opportunity to amend his Complaint to establish the existence of a bona fide dispute brought in good faith at the time of his tender of the Check.

### IV.   Conclusion

Defendant's Motion to Dismiss is **GRANTED** without prejudice. Plaintiff is **DIRECTED** to file an amended complaint **NO LATER THAN** September 30, 2022.

The Clerk is **DIRECTED** to correct the Defendant's name to "Select Portfolio Servicing, Inc."

**SO ORDERED** this 19th day of September, 2022.

_____
Victoria Marie Calvert
United States District Judge