IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

NOV 07 2022

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

DANIEL JACK,

Plaintiff,

v.

SELECT PORTFOLIO SERVICING, INC., and U.S. Bank National Association, as Trustee for Towd Point Master Funding Trust 2020-PM2. Defendants.

CIVIL ACTION

FILE NO: 1:22-cv-01575

## PLAINTIFF'S FIRST AMENDED COMPLAINT

1. Plaintiff, Daniel Jack, pro se, hereby files this, Plaintiff's First Amended Complaint, and alleges, claims and complains against the Defendants, Select Servicing Portfolio Inc (hereinafter SPS) and U.S. Bank National Association, as Trustee for Towd Point Master Funding Trust 2020-PM2 (hereinafter Trustee) as follows:

### JURISDICTION AND VENUE

2. Jurisdiction in this Court is proper based on diversity of citizenship, pursuant to 28 U.S.C. § 1332 in that the amount of the property that is subject of this Complaint exceeds $75,000.00.   This Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a)(2) and (b)(2) in that the residential property that is the subject of this action is situated

1

in this district and a substantial part of the events giving rise to the Complaint occurred therein.

## THE PARTIES

4. Plaintiff, Daniel Jack, along with his wife Rosa Jack are the current owners of record of the residential real property identified herein infra.

5. Defendant, Select Servicing Portfolio is a foreign corporation doing business in Dekalb County, Georgia, having its principal address as: 3217 S Deker Lake Drive, Salt lake City, Utah 84119 and can be served at its listed agent: Corporation Service Company, 2 Sun Court, Suite 400 Peachtree Corners, Georgia 30092 and is and was at all times material hereto.

6. Defendant, U.S. Bank National Association, as Trustee for Towd Point Master Funding Trust 2020-PM2, whose address is: 900 Third Avenue, 5th Floor, New York, New York 10022, and does not have a listed agent in Georgia and is not registered with the Secretary of the State of Georgia. Defendant will be served at the above-listed address.

The residential real property that is the subject of this action (the "Property") is located at: 1185 To Lani Drive, Stone Mountain, GA 30083 and is legally described as:
ALL THAT CERTAIN PROPERTY SITUATED IN THE CITY OF STONE MOUNTAIN, IN THE COUNTY OF DEKALB AND STATE OF GEORGIA, AND BEING DESCRIBED IN A DEED DATED 3/29/2006 IN BOOK 18555, PAGE 51 AMOUNG THE LAND RECORDS OF THE COUNTY SET FORTH ABOVE REFERENCED AS FOLLOWS: LANDLOT 223, DISTRICT 15, 5.459 ACRES, TRACT B PARCEL ID NUMBER: 1522301385.

## FACTS

7. Plaintiff's claims arise out of conduct related to a residential mortgage loan transaction.

8. On or about July 24, 2006, Plaintiff incurred a financial obligation when the Plaintiff and his wife purchased their home. The purchase amount of the home was $243,167.50.

9. The loan was evidenced by a "Deed To Secure Debt," naming Wachovia Bank, National Bank Association, as the "Lender".   A copy of the "Deed To Secure Debt" is attached hereto as Exhibit "A" respectively.

10. On or about October 3, 2008, Wachovia Bank, National Bank Association, was absorbed by Wells Fargo Bank via acquisition.

11. Plaintiff's "Deed To Secure Debt" became the asset of Wells Fargo by virtue of the October 3, 2008 acquisition of Wachovia Bank.

12. On or about March, 2020, Wells Fargo Bank sold Plaintiff's "Deed To Secure Debt" via "Corporate Assignment of Security Deed" to U.S. Bank Trust National Association, as Trustee for TOWD Point Master Funding Trust 2020-PM2, The Trust. See Exhibit "B", respectively.

13. The Defendant Trust sent Plaintiff the Notification of Assignment, Sale or Transfer of Mortgage Loan, clearly advising Plaintiff that all payments where to be sent to the servicer and that the servicer had authority to act on behalf of the Defendant Trust with regard to the administration of Plaintiff's mortgage. The notice also advised the Plaintiff that the Servicer "may accept payments that are less than the full amount due (partial payment) and apply them to Plaintiff's loan. See Exhibit "B", respectively.

14. The above-mentioned Assignment, Sale or Transfer of Mortgage Loan identified Wells Fargo, at that time, as the Servicer of Plaintiff's loan account.

15. Some time thereafter, Defendant SPS became the Servicer for the Defendant Trust of Plaintiff's loan account.

16. Upon information and belief, the Defendant Trust granted to Defendant SPS the same authority, that the Trust granted to Wells Fargo as Servicer of the Plaintiff's loan account.

17. On or September 25, 2021, Plaintiff contacted Defendant Select Servicing Portfolio and requested the payoff to Plaintiff's Loan Account. The payoff balance, according to Defendant's September 25, 2021 statement to Plaintiff, was $200,000.00. See Exhibit "C", respectively.

18. On or about November 29, 2021, the Plaintiff received a billing statement from Defendant SPS that had an additional $10,376.57 in unexplained fees that

4

were added to Plaintiff's loan account. The unexplained fees are under the Heading "Account Information" and are identified as "Other Charges and Fees." See Exhibit "D", respectively.

19. On or about the same date, November 29, 2021, the Plaintiff called Defendant SPS for an explanation concerning the above mentioned additional $10,376.57 in unexplained fees.

20. Defendant SPS's Representative could not give Plaintiff a logical or satisfactory explanation for the additional $10,376.57 in unexplained fees.

21. Defendant SPS's Representative advised Plaintiff that a supervisor would call Plaintiff and explain to Plaintiff the additional $10,376.57 in unexplained fees.

22. No Supervisor or anyone from Defendant SPS called Plaintiff and explained the additional $10,376.57 in unexplained fees that are on Plaintiff's November 2021 Billing Statement.

23. Upon information and belief, the Plaintiff's call was on a recorded line with Defendant SPS Representative when Plaintiff called and disputed the accuracy of his loan account on November 29, 2021.

24. On or about December 1, 2021, after no supervisor or anyone from Defendant SPS called the Plaintiff, Plaintiff sent a certified letter to Defendant SPS disputing the loan amount reflected in Plaintiff's November 2021 Billing Statement

5

as being inaccurate and higher than Plaintiff calculated as being owed on Plaintiff's loan account. See Exhibit "E", respectively.

25. Plaintiff's letter also advised the Defendant SPS that the Plaintiff would forward Defendant SPS a Cashiers Check in the amount of $20,000 in an effort to settle the disputed account. Additionally, the letter clearly advised Defendant SPS that their acceptance of the $20,000 Cashier's Check would be Defendant SPS's tacit agreement to settle the disputed account. See Exhibit "E."

26. On or about December 17, 2021, Plaintiff received a letter from the Defendant SPS advising the Plaintiff that they had received the Plaintiff's dispute letter and settlement offer. Defendant SPS letter also advised Plaintiff that Plaintiff's settlement offer would be addressed. See Exhibit "F."

27. On or about December 17, 2021, after Plaintiff received Defendant SPS's acknowledgment letter, Plaintiff forwarded Defendant SPS the above-mentioned Cashier's Check in the amount of $20,000.00. See Exhibit "F", respectively.

28. On or about December 24, 2021, Defendant SPS cashed the $20,000.00 cashier's check. See Exhibit "G", respectively.

29. On or about January 6, 2022, the Plaintiff forwarded to Defendant SPS a letter thanking the Defendant for accepting Plaintiff's settlement offer for the disputed debt. The letter also demanded a release of the lean on Plaintiff's home. See Exhibit "H", respectively.

6

30. Upon information and belief, the Plaintiff entered into an Accord and Satisfaction with the Defendant, SPS.

31. Upon information and belief, Defendant SPS has full authority, as per its servicing agreement with Defendant Trust, to settle the Plaintiff's loan account.

32. The Plaintiff has been damaged by Defendant SPS's failure to release the lien on Plaintiff's home after taking and keeping Plaintiff's $20,000 to settle the disputed loan account.

## COUNT ONE:
## FAILURE TO HONOR SETTLEMENT AGREEMENT

33. Plaintiff hereby re-alleges and incorporates by reference each and every allegation above, as if fully set forth verbatim herein.

34. Upon information and belief, Defendant Trust granted Defendant SPS full authority to settle the Plaintiff's loan account.

35. Upon information and belief, Defendant SPS knew or should have known that the Plaintiff disputed the accuracy of the loan account because of Plaintiff's November 29, 2021 phone call to Defendant SPS, disputing the above-mentioned - the additional $10,376.57 in unexplained fees.

7

36. Upon information and belief, Defendant SPS knew or should have known that the Plaintiff disputed the accuracy of the loan account via Plaintiff's December 1, 2021, dispute letter.

37. Upon information and belief, Defendant SPS bated the Plaintiff with its December 17, 2021, letter that advised the Plaintiff that his dispute and settlement offer would be sent to the appropriate authorities for review.

38. Plaintiff alleges that, upon information and belief, the Defendant SPS kept the Plaintiff's $20,000 in bad faith fully knowing that the money was tendered as a settlement offer on the Plaintiff's disputed loan account.

39. As a result of Defendant SPS's failure to abide by terms of the agreement, and by the keeping of Plaintiff's $20,000 that was submitted as a settlement for the disputed account, and by Defendant SPS's failure release the lien on Plaintiff's home, Plaintiff is entitled to have judgement in his favor, which includes, but is not limited to, the release of the lien on the title to his home, damages, and court costs.

Respectfully submitted this ___ day of November, 2022.

Daniel Jack
1185 To Lani Drive,
Stone Mountain, GA 30083

8

# EXHIBIT

## "A"

Deed Book **19000** Pe **704**
Filed and Recorded Aug-03-2006 10:06am
**2006-0148117**
Georgia Intangible Tax Paid $730.50
**Linda Carter**
Clerk of Superior Court
DeKalb County, Georgia

Prepared By/Return To:
MICHAEL JANN
Wachovia Bank, National Association
Retail Credit Servicing
P.O. Box 50010
Roanoke, VA 24022

# DEED TO SECURE DEBT

THIS DEED is made this day of ___24    July, 2006_____, among the Grantor,
___DANIEL JACK & ROSA L JACK_____
___DANIEL LEE JACK, SR; NONE STATED_____

(herein "Borrower"), and Grantee, Wachovia Bank, National Association, a national banking association
organized and existing under the laws of the United States of America whose address is Wachovia Bank,
National Association, 301 South College Street VA 0343, Charlotte, North Carolina 28288-0343 (herein
"Lender").

WHEREAS, Borrower is indebted to Lender in the principal sum of U.S. $ _____243167.80_____
which indebtedness is evidenced by Borrower's Note dated ___07/24/06_____ and extensions
and renewals thereof (herein "Note"), providing for monthly installments of principal and interest, with the
balance of indebtedness, if not sooner paid, due and payable on _____07/23/36_____.

TO SECURE to Lender the repayment of the indebtedness evidenced by the Note, with interest thereon; the
payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of
this Deed and the payment of any other or future indebtedness of Borrower to Lender; and the performance
of the covenants and agreements of Borrower herein contained, Borrower does hereby grant and convey to
Lender and Lender's successors and assigns with power of sale the following described Property located in
the County of __DEKALB_____
State of Georgia:

DEED DATE: 03/29/06   RECORDED: 03/29/06   BOOK/INST: 18555   PAGE: 51
PARCEL/TAX ID #: 1522301383         TWP/BORO: CITY OF STONE MOUNTAIN
*SEE ATTACHED LEGAL DESCRIPTION*
LOT: TRACT B

which has the address of __1185 TO-LENI DRIVE_____
___STONE MOUNTAIN GA, 30083_____
(herein "Property Address");

TOGETHER with all the improvements now or hereafter erected on the Property, and all easements, rights,
appurtenances and rents, all of which shall be deemed to be and remain a part of the Property covered by
this Deed; and all of the foregoing, together with said Property (or the leasehold estate if this Deed is on a
leasehold) are hereinafter referred to as the "Property."

Any rider ("Rider") attached hereto and executed of even date is incorporated herein and the
covenants and agreements of the Rider shall amend and supplement the covenants and agreements
of this Deed, as if the Rider were a part hereof.

Borrower covenants that Borrower is lawfully seized of the estate hereby conveyed and has the right to grant
and convey the Property, and that the Property is unencumbered, except for encumbrances of record.
Borrower covenants that Borrower warrants and will defend generally the title to the Property against all
claims and demands, subject to encumbrances of record.

(52/04) GA Deed to Secure Debt
*061JS00100*

503322 (Rev 11)

Deed Book 1 9 0 0 0 Ps   705

**UNIFORM COVENANTS.** Borrower and Lender covenant and agree as follows:

1. **Payment of Principal and Interest.** Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note and late charges as provided in the Note. **This Deed secures payment** of said Note according to its terms, which are incorporated herein by reference.

2. **Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and section 1 hereof shall be applied by Lender first to interest due on the Note, second to the principal due on the Note, and then to late charges due on the Note.

3. **Prior Deeds to Secure Debt, Mortgages and Deeds of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations, under any security deed, mortgage, deed of trust or other security agreement with a lien which has priority over this Deed, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Deed, and leasehold payments or ground rents, if any.

4. **Hazard Insurance.** a) Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards, including but not limited to floods, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender require. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's approval which shall not be unreasonably withheld. If Borrower fails to maintain coverage described above, Lender may, at Lender's option, obtain coverage to protect Lender's rights in the Property in accordance with section 6.

b) All insurance policies and renewals shall be acceptable to Lender and shall include a standard mortgagee clause. Lender shall have the right to hold the policies and renewals. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

c) Unless Lender and Borrower otherwise agree in writing, insurance proceeds shall be applied to restoration or repair of the Property damaged, if the restoration or repair is economically feasible and Lender's security is not lessened. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Deed, whether or not then due, with any excess paid to Borrower. If Borrower abandons the Property or does not answer within 30 days a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may collect the insurance proceeds. Lender may use the proceeds to repair or restore the Property or to pay sums secured by this Deed, whether or not then due. The 30-day period will begin when the notice is given.

d) Except as provided in subsection 4(e) below, should partial or other construction or damage occur to the Property, Borrower hereby agrees that any and all instruments of said insurance proceeds received by Lender as a result of said damage or destruction, shall be placed in an insured bearing escrow account with Lender. At Lender's discretion, Lender may release some or all of the proceeds from escrow after Borrower presents Lender with a receipt(s), invoice(s), written estimate(s) or other document(s) acceptable to Lender which relate to the repair and/or improvements of the Property necessary as a result of said damage and/or destruction. Absent an agreement to the contrary, Lender shall not be required to pay Borrower any interest on the proceeds held in the escrow account. Any amounts remaining in the account after all repairs and/or improvements have been made to Lender's satisfaction, shall be applied to the sums secured by this Deed. Borrower further agrees to cooperate with Lender by endorsing all checks, drafts and/or other instruments evidencing insurance proceeds and any necessary documents. Should Borrower fail to provide any required endorsement and/or execution within 30 days after Lender sends Borrower notice that Lender has received an instrument evidencing insurance proceeds, or document(s) requiring Borrower's signature, Borrower hereby authorizes Lender to endorse said instrument and/or document(s) on Borrower's behalf, and collect and apply said proceeds at Lender's option, either to restoration or repair of the Property or to sums secured by this Deed. It is not the intention of either party that this escrow provision, and/or Lender's endorsement or execution of an instrument(s) and/or document(s) on behalf of Borrower creates a fiduciary or agency relationship between Lender and Borrower.

e) Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in sections 1 and 2 or change the amount of the payments. If under section 16 the Property is acquired by Lender, Borrower's right to any insurance policies and proceeds resulting from damage to the Property prior to the acquisition shall pass to Lender to the extent of the sums secured by this Deed.

5. **Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Deed is on a leasehold. If this Deed is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the Declaration of covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

089HB5 (Rev 11)                              2                         (3284) GA Deed to Secure Debt

https://search.gsccca.org/Imaging/HTML5Viewer.aspx?id=47628054&key1=190008key2=704&county=44&countyname=DEKALB&userid=768506&a...

Deed Book 19000 Ps 706

**6. Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Deed, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, including, but not limited to, eminent domain, insolvency, code enforcement, or arrangements or proceedings involving a bankrupt or decedent, then Lender, at Lender's option, upon notice to Borrower may make such appearances, disburse such sums and take such action as is necessary to protect Lender's interest in the Property, including but not limited to, disbursement of taxes, assessments, insurance premiums, cost of repairs, costs and reasonable attorney's fees and entry upon the Property to make repairs. If Lender required mortgage insurance as a condition of making the loan secured by this Deed, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law. Borrower shall pay the amount of all mortgage insurance premiums in the manner provided under section 4 hereof.

Any amounts disbursed by Lender pursuant to this section 6 or advances to the prior security deed holder, with interest thereon from the date of disbursal, shall become additional indebtedness of Borrower secured by this Deed repayable upon demand. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof and shall bear interest from the date of disbursement at the rate payable from time to time on outstanding principal under the Note unless payment of interest at such rate would be contrary to applicable law, in which event such amounts shall bear interest at the highest rate permissible under applicable law. Nothing contained in this section 6 shall require Lender to incur any expense or take any action hereunder.

**7. Inspection.** Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefore related to Lender's interest in the Property.

**8. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed.

**9. Borrower Not Released; Forbearance By Lender Not a Waiver.** Borrower shall remain liable for full payment of the principal and interest on the Note (or any adjournment or obligation) secured hereby, notwithstanding any of the following: (a) the sale of all or a part of the premises; (b) the assumption by another party of Borrower's obligations hereunder, (c) the release or extension of time for payment or performance of any obligation hereunder, whether granted to Borrower or a subsequent owner of the Property; and (c) the release of all or any part of the premises securing said obligations or the release of any party who assumes payment of the same. None of the foregoing shall in any way affect the full force and effect of the lien of this Deed or impair Lender's right to declare any payment (in the event of foreclosure) against Borrower or any party assuming the obligations hereunder to the extent permitted by applicable law. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

**10. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of section 15 hereof. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signs this Deed, but does not execute the Note: (a) is co-signing this Deed only to grant and convey that Borrower's interest in the Property to Lender under the terms of this Deed; (b) is not personally liable on the Note or under this Deed; and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Deed or the Note without that Borrower's consent and without releasing that Borrower or modifying this Deed as to that Borrower's interest in the Property.

**11. Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Deed shall be given by delivering it or by mailing such notice by first class mail addressed to Borrower or the current owner at the Property Address or at such other address as Borrower may designate in writing by notice to Lender as provided herein, and any other persons personally liable on the Note as their names and addresses appear in Lender's records at the time of giving notice and (b) any notice to Lender shall be given by first class mail to Lender's address at Wachovia Bank, National Association, Retail Credit Servicing, P.O. Box 50010, Roanoke, VA 24022 or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Deed shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

**12. Governing Law; Severability.** The state and local laws applicable to this Deed shall be the laws of the jurisdiction in which the Property is located. The foregoing sentence shall not limit the applicability of federal law to this Deed. In the event that any provision or clause of this Deed or the Note conflicts with applicable law, such conflicts shall not affect other provisions of this Deed or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Deed and the Note are declared to be severable. As used herein "costs," "expenses" and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

Deed Book 19000 Ps 707

**13. Borrower's Copy.** Borrower shall be furnished a conformed copy of the Note, this Deed and Rider(s) at the time of execution or after recordation hereof.

**14. Rehabilitation Loan Agreement.** Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Borrower enters into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

**15. Transfer of the Property or a Beneficial Interest in Borrower; Assumption.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at Lender's option, for any reason, declare all the sums secured by this Deed to be immediately due and payable. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Deed.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Deed. If Borrower fails to pay in full these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Deed without further notice or demand on Borrower.

This Deed may not be assumed by a purchaser without the Lender's consent. If an assumption is allowed, Lender may charge an assumption fee and require the person(s) assuming the loan to pay additional charges as authorized by law.

**NON-UNIFORM COVENANTS.** Borrower and Lender further covenant and agree as follows:

**16. Acceleration; Remedies.** Upon Borrower's breach of any covenant or agreement of Borrower in this Deed, including the covenants to pay when due any sums under the Note secured by this Deed or any prior security deed, mortgage, deed of trust or other security agreement with a lien which has priority over this Deed, Lender, at Lender's option, may declare all of the sums secured by this Deed to be immediately due and payable without demand or notice and may invoke the power of sale, and any other remedies permitted by applicable law. Lender shall be entitled to collect in such proceeding all expenses of foreclosure, including, but not limited to, attorneys' fees equal to fifteen percent (15%) of the outstanding balance and all accrued interest thereon, and costs of documentary evidence, abstracts and title reports.

If Lender invokes the power of sale, Lender shall give to Borrower (and the owner of the Property, if a different person) notice of sale in the manner prescribed by applicable law. Lender shall give public notice of sale by advertisement, in accordance with applicable law. Lender, without demand on Borrower, shall sell the Property at public auction to the highest bidder for cash at the time and place under the terms designated in the notice of sale in one or more parcels and in such order as Lender may determine. Lender or Lender's designee may purchase the Property at any sale.

Lender shall deliver to the purchaser Lender's deed conveying the Property so sold with special warranty of title. The recitals in Lender's deed shall be prima facie evidence of the truth of the statements made therein. Lender shall apply the proceeds of the sale in the following order: (a) to all reasonable costs and expenses of the sale, including, but not limited to attorneys' fees equal to fifteen percent (15%) of the outstanding balance and all accrued interest and costs of title evidence; (b) to the discharge of all taxes, levies and assessments on the Property, if any, as provided by applicable law, (c) to all sums secured by this Deed; and (d) the excess, if any, to the person or persons legally entitled thereto. Lender shall not be required to take possession of the Property prior to the sale thereof or to deliver possession of the Property to the purchaser at such sale.

If the property is sold pursuant to this section, Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at such sale. If possession is not surrendered, Borrower or such person shall be a tenant holding over and may be dispossessed in accordance with applicable law.

**17. Assignment of Surplus Proceeds; Rents; Appointment of Receiver.** As additional security hereunder, Borrower hereby assigns to Lender all surplus funds which may come into the hands of the holder of any prior security deed, mortgage or deed of trust upon foreclosure of the same, hereby directing that all surplus proceeds be paid over to Lender.

As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that so long as Borrower is not in default hereunder, Borrower shall, prior to acceleration under section 16 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under section 16 hereof or abandonment of the Property, Lender shall be entitled to have a receiver appointed by a court to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to receiver's fees, premiums on receiver's bonds and attorneys' fees equal to fifteen percent (15%) of the

outstanding balance and all accrued interest, and then to the sums secured by this Deed.  The receiver shall be liable to account only for those rents actually received.

18.  Loan Charges.  If the loan secured by this Deed is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower.  Lender may choose to make this refund by reducing the principal owed under the Note or by mailing a direct payment to Borrower.  If a refund reduces principal, the reduction will be treated as a partial prepayment under the Note.

19.  Legislation.  If, after the date hereof, enactment or expiration of applicable laws have the effect either of rendering the provisions of the Note, this Deed or any Rider, unenforceable according to their terms, or all or any part of the sums secured hereby uncollectible, as otherwise provided in this Deed or the Note, or of diminishing the value of Lender's security, then Lender, at Lender's option, may declare all sums secured by this Deed to be immediately due and payable.

20.  Release.  Upon payment of all sums secured by this Deed, this Deed shall become null and void and Lender shall re-cess this Deed.  If Lender is requested to release this Deed, all instruments evidencing satisfaction of the indebtedness secured by this Deed shall be surrendered to Lender.  Borrower shall pay all costs of recordation, if any.  Lender, at Lender's option, may allow a partial release of the Property on terms acceptable to Lender and Lender may charge a release fee.

21.  Waiver of Homestead.  Borrower hereby waives all right of homestead exemption in the Property.

22.  Hazardous Substances.  Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property.  Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law.  The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit, or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge.  If Borrower learns, or is notified by any governmental or regulatory authority, that any removal, or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this section 22, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials.  As used in this section 22, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety, or environmental protection.

23.  Assumption Not a Novation.  Lender's acceptance of an assumption of the obligations of this Deed and the Note, and any release of Borrower in connection therewith shall not constitute a novation.

24.  Deed to Secure Debt.  This conveyance is to be construed under the existing laws of the State of Georgia as a security deed passing title, and not as a mortgage, and is intended to secure the payment of all sums secured hereby.

Deed Book 1 9 0 0 0 Pg 709

## REQUEST FOR NOTICE OF DEFAULT AND FORECLOSURE
## UNDER SUPERIOR MORTGAGES OR SECURITY DEEDS

[____] If checked, this instrument is second only to that certain current first priority security deed in favor of and/or currently being serviced by **MERS AS NOMINEE FOR ACCREDITED HOME LEND** dated 09/12/04 , and recorded In Deed Book 16636 , Page 480 , DEKALB County, Georgia records, and it is agreed that any default under said prior security deed(s) may at the option of Lender herein or its successor in title be declared and deemed to be a default under the terms of the within instrument. Lender shall have the right but not the obligation to make advances to the holder of any prior security deed noted above or otherwise in order to cure any default thereunder, and any advances so made shall be governed by the provisions of section 6 hereunder. Borrower hereby assigns and authorizes payment to Lender herein and its successors in title of any surplus funds arising from the foreclosure of said prior security deed(s).

Borrower and Lender request the holder of any security deed, mortgage, deed of trust or other encumbrance with a lien which has priority over this Deed to give Notice to Lender, at Lender's address at Wachovia Bank, National Association, Retail Credit Servicing, P.O. Box 60010, Roanoke, VA 24022 of any default under the superior encumbrance and of any sale or other foreclosure action.

BORROWER HEREBY WAIVES ANY RIGHT BORROWER MAY HAVE UNDER THE CONSTITUTION OF THE STATE OF GEORGIA OR THE CONSTITUTION OF THE UNITED STATES OF AMERICA TO NOTICE OR TO A JUDICIAL HEARING PRIOR TO THE EXERCISE OF ANY RIGHT OR REMEDY PROVIDED TO LENDER HEREUNDER BY THIS DEED, AND BORROWER WAIVES BORROWER'S RIGHTS, IF ANY, TO SET ASIDE OR INVALIDATE ANY SALE UNDER POWER DULY CONSUMMATED IN ACCORDANCE WITH THE PROVISION OF THIS DEED ON THE GROUND (IF SUCH BE THE CASE) THAT THE SALE WAS CONSUMMATED WITHOUT PRIOR NOTICE OR JUDICIAL HEARING. ALL WAIVERS BY BORROWER IN THIS SECTION HAVE BEEN MADE VOLUNTARILY, INTELLIGENTLY AND KNOWINGLY BY BORROWER, AFTER BORROWER HAS BEEN AFFORDED AN OPPORTUNITY TO BE INFORMED BY COUNSEL OF BORROWER'S CHOICE AS TO THE MEANING AND EFFECT HEREOF.

IN WITNESS WHEREOF, Borrower has executed and sealed this Deed and adopted as his seal the word "(SEAL)" appearing beside his name and by such execution he accepts and agrees to the terms and covenants contained in this Deed and in any Rider(s) executed by Borrower and recorded herewith.

Witness _____ [SEAL]

LISA HAREWOOD
Witness Name Printed or Typed

Borrower
DANIEL JACK _____ [SEAL]

Borrower
ROSA L JACK _____ [SEAL]

Witness _____

Borrower
DANIEL LEE JACK, JR _____ [SEAL]

Witness Name Typed or Printed

Borrower _____ [SEAL]

STATE OF GEORGIA                )
COUNTY OF Dekalb                } ss
                               )

On (date) 7/24/06 _____ before me personally appeared _____
_____
DANIEL JACK
ROSA L JACK
DANIEL LEE JACK, JR

whose name(s) is/are signed to the foregoing conveyance and who is/are personally known to me or proved to me on the basis of satisfactory evidence, who acknowledged before me on this day, that, being informed of the contents of this conveyance, he/she/they executed the same voluntarily.

WITNESS my hand and official seal.

Signature: _____ [SEAL]

Elicia Werner Monroe
Notary Public Gwinnett County, GA
Notary Name / Commission Expires May 31, 2010

My Commission Expires: 5/31/2010

6E3168 (Rev 11)

# EXHIBIT

# "B"

## NOTIFICATION OF ASSIGNMENT, SALE OR TRANSFER OF YOUR MORTGAGE LOAN

March 27, 2020

DANIEL L JACK
ROSA JACK
1185 TO LANI DR
STONE MOUNTAIN, GA 30083

Original Principal Balance:         $243,167.00
Address of Mortgaged Property:     1185 TO LANI DR
                                    STONE MOUNTAIN, GA 30083

The ownership of your mortgage loan has been transferred to Towd Point Master Funding Trust 2020-PM2 effective March 5, 2020. Towd Point Master Funding Trust 2020-PM2 does not make mortgage loans but instead purchases, or is otherwise assigned, mortgage loans from lenders and other entities.

**THE SERVICER OF YOUR MORTGAGE LOAN IS Wells Fargo Home Mortgage. YOU MAY CONTACT YOUR SERVICER BY CALLING 866-234-8271.**

Towd Point Master Funding Trust 2020-PM2 does not service your loan. It is important that your monthly payments be sent directly to your servicer and not to Towd Point Master Funding Trust 2020-PM2. All correspondence and inquiries concerning your mortgage loan should be addressed to your servicer. The servicer has authority to act on our behalf with regard to the administration of your mortgage loan and respond to any questions about your mortgage loan.

**Partial Payments**
Your lender

☑ may accept payments that are less than the full amount due (partial payments) and apply them to your loan.

☑ may hold them in a separate account until you pay the rest of the payment, and then apply the full payment to your loan.

☐ does not accept any partial payments.

If the loan is sold, your new lender may have a different policy.

In the event you find it necessary to contact Towd Point Master Funding Trust 2020-PM2, you may write us at 900 Third Avenue, 5th Floor, New York, New York 10022 or you may telephone us at 855-426-0585.

The assignment, sale or transfer of your mortgage loan does not affect any term or condition of your Mortgage, Deed of Trust or Note. The transfer of ownership of your mortgage loan to Towd Point Master Funding Trust 2020-PM2 has not been publicly recorded. The Mortgage or Deed of Trust that secures the Note continues to be recorded in the office of public land records or the recorder of deeds office for the county or local jurisdiction where the property is located.



# EXHIBIT

# "C"

**1:08**                                                          **LTE**

  spservicing.com



**PAYOFF STATEMENT**
Date: September 13, 2021
Requested By:

Account Number: 0028612638
Payment Due Date: September 15, 2021

This Statement expires or
October 13, 202

CUSTOMER
1185 TO LANI DR
STONE MOUNTAIN, GA 30083

Customer Name/Property Address:
DANIEL L JACK
ROSA JACK
1185 TO LANI DR
STONE MOUNTAIN, GA 30083

### THE FOLLOWING AMOUNTS ARE SUBJECT TO FINAL VERIFICATION BASED ON THE RECEIPT OF FUNDS

| ITEMIZATION | | |
|---|---|---|
| Unpaid Principal Balance | $ | 189,399.68 |
| Interest Calculated to October 13, 2021 | $ | 1,042.08 |
| Loan Level Advance Balance | $ | 10,172.23 |
| Interest on Advances | $ | 144.33 |
| Recording Fee | $ | 25.00 |
| **Total Amounts Due Under your Note and Mortgage** | **$** | **200,783.32** |
| Per Diem Daily Interest | | $    17.61 |
| **TOTAL AMOUNT DUE** | **$** | **200,783.32** |

  **SELECT** *Portfolio* **SERVICING,** inc



**IMPORTANT INFORMATION REGARDING THE ACCOUNT PAYOFF:**

1) **Clearance of Funds:** The Payoff Statement assumes that payments made on your account ha
cleared your financial institution. If a payment you made is returned, you are still responsible to p
that amount, even though we accept the amount of your payoff. Payments received within thirty (3

# EXHIBIT

# "D"

**SPS** SELECT Portfolio SERVICING, inc.
P.O. Box 65250
Salt Lake City, UT 84165-0250
www.spservicing.com

**Mortgage Statement**
Statement Date: 11/29/2021
Page 1 of 3

Customer Service : (800) 258-8602
Monday - Thursday    8:00AM - 11:00PM ET
Friday    8:00AM -  9:00PM ET
Saturday    8:00AM -  2:00PM ET

*For other important information, see reverse side*

* 2040151 00000267b 1041  P2

Daniel L Jack
Rosa Jack
1185 To Lani Dr
Stone Mtn, GA 30083-5361

| Account Number | 0028612638 |
|---|---|
| Property Address | 1185 TO LANI DR STONE MOUNTAIN GA 30083 |
| Loan Due Date | 12/15/2021 |
| Payment Due Date | 12/15/2021 |
| Amount Due | $1,042.46 |

### Account Information

| | |
|---|---|
| Interest Bearing Principal | $184,770.43 |
| Deferred Principal | $3,127.38 |
| Outstanding Principal [1] | $187,897.81 |
| Unpaid Late Charges | $0.00 |
| Other Charges and Fees | $10,376.57 |
| Interest Rate (Fixed) | 3.500% |
| Prepayment Penalty | No |

### Explanation of Amount Due

| | | |
|---|---|---|
| Principal | | $503.55 |
| Interest | | $538.91 |
| Escrow (Taxes and Insurance) | | $0.00 |
| **Regular Monthly Payment** | | **$1,042.46** |
| Charges / Fees this Period | $30.23 | |
| Past Due Payment(s) | | $0.00 |
| Unapplied Payment(s) | | $0.00 |
| **Total Amount Due** | | **$1,042.46** |

### Transaction Activity  (10/29/2021 to 11/29/2021)

| Date | Description | Principal Balance | Interest | Taxes & Insurance | Late Charges | Unapplied Balance | Other Fees | Expenses Pd by Servicer | Total [1] |
|---|---|---|---|---|---|---|---|---|---|
| 10/29 | BEG BALANCE | $188,900.51 | $1,082.22 | $0.00 | $0.00 | $0.00 | $168.19 | $10,172.33 | $200,344.15 |
| 11/04 | PAYMENT | (500.62) | (541.84) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | (1,042.46) |
| 11/04 | BORROWER FUNDS | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | (7.84) | (7.84) |
| 11/08 | PAYMENT | (502.08) | (540.38) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | (1,042.46) |
| 11/11 | INTEREST ON ADV | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 30.23 | 0.00 | 30.23 |
| 11/16 | MIS-APP REVERSAL | 502.08 | 540.38 | 0.00 | 0.00 | (1,042.46) | 0.00 | 0.00 | 0.00 |
| 11/16 | NSF REVERSAL | 0.00 | 0.00 | 0.00 | 0.00 | 1,042.46 | 0.00 | 0.00 | 1,042.46 |

Continued On Next Page

### Past Payments Breakdown

| | Paid Last Month | Paid Year To Date |
|---|---|---|
| Principal | $1,002.70 | $5,989.02 |
| Interest | $1,082.22 | $6,580.50 |
| Escrow (Taxes and Insurance) | $0.00 | $0.00 |
| Fees and Other Charges | $15.08 | $180.16 |
| Partial Payment (Unapplied) | $0.00 | |
| Total | $2,100.00 | $12,749.68 |
| Total Unapplied Balance | $0.00 | |

### Important Messages

All communication sent to you by SPS is always available on our website: www.spservicing.com.  For faster access to written communication and documents, please log in to your customer account on our website to view.

[1] This amount is not a payoff quote. If you would like a payoff quote, please see instructions on reverse side.

Any transactions that occurred after the statement date noted above will be reflected on your next statement.

This is an attempt to collect a debt. All information obtained will be used for that purpose.

If there is a balance under Expenses Paid by Servicer, it means we have paid certain expenses on your behalf due to the delinquent status of your account. You are responsible to reimburse us for these amounts plus interest, which may be billed at the note rate.

The Outstanding Principal balance includes the Interest Bearing Principal balance and the Deferred Principal balance. The Deferred Principal balance is not subject to the charged interest rate and will be due as a final balloon payment on the earlier of (a) payoff of the Interest Bearing Principal balance, or (b) maturity date of the mortgage loan.

Under the Servicemembers Civil Relief Act if you or a family member have been deployed to active duty, you may be eligible for certain protections regarding your mortgage loan. Please contact us at (800) 258-8602 to discuss these protections.

Please detach bottom portion and return with your payment. Allow 7 - 10 days for postal delivery. Please do not send cash.

**MONTHLY PAYMENT COUPON**

### Amount Due

| Borrower Name(s) | Daniel L Jack Rosa Jack |
|---|---|
| Account Number | 0028612638 |

**Due By 12/15/2021: $1,042.46**

Make checks payable to: **Select Portfolio Servicing**

| Monthly Payment | $ | . |
|---|---|---|
| Additional Principal | $ | . |
| Additional Escrow | $ | . |
| Late Fees | $ | . |
| Other (Please Specify) | $ | . |
| | | |
| **Total Amount Enclosed** | $ | . |

SELECT PORTFOLIO SERVICING, INC.
PO BOX 65450
SALT LAKE CITY UT  84165-0450

☐ Change of address or telephone? If so, check here and note changes on back

2771  0028612638  0000104246  0000104246  0

# EXHIBIT

## "E"

December 1, 2021

Daniel L. Jack & Rosa Jack
1185 To Lani Drive
Stone Mountain, GA 30083

Select Portfolio Servicing, Inc.
Post Office Box 65250
Salt Lake City, UT 84165-0250

RE: Dispute of the balance on loan Acc. No.0028612638

Dear Select Portfolio Servicing, Inc.

On or about September 13, 2021, I received a payoff statement from you that advised that the total amounts due under my Note and Mortgage was $200,873.32. However, my most recent billing statement from you, dated 11/29/2021, advises that the total amount due under my Note and Mortgage is $198,274.38.

I dispute the balance of $198,274.38 for my loan account as being inaccurate and higher than the actual amount I owe on the loan. Accordingly, since I dispute the accuracy of the current stated balance of my loan account as being $198,274.38, I am forwarding you a Cashiers check in the amount of $20,000.00 as a full and final settlement of the above disputed amount. Your execution of this check is your tacit agreement to settle the above-mentioned account.

Thanking you in advance,

Sincerely,

Daniel L Jack
Rosa Jack

# EXHIBIT

## "F"

🔒 **spservicing.com** ↻ 

**SPS** SELECT PORTFOLIO SERVICING, INC.

December 17, 2021

DANIEL L JACK
ROSA JACK
1185 TO LANI DR
STONE MTN, GA 30083

| | |
|---|---|
| **Account Number:** | 0028812638 |
| **Customer Name:** | DANIEL L JACK |
| | ROSA JACK |
| **Property Address:** | 1185 TO LANI DR |
| | STONE MOUNTAIN, GA 30083 |

Dear DANIEL L JACK:

SPS received your recent inquiry(ies) on 12/15/2021. We will review your request(s) and route to the appropriate department for handling. If a response is required, one will be provided to you within 30 days from the date we received your inquiry(ies).

SPS is committed to home retention and offers many assistance options designed for customers who are experiencing temporary or permanent hardship. These options are offered at no cost to our customers and may include special payment arrangements, structured repayment plans, or loan modifications. If you are experiencing a financial hardship, please call us as soon as possible at the number listed below to discuss your situation and options that may be available to you.

At SPS, any of our Customer Care Experts can assist you with answers to your questions about the status or history of your account, document requirements, or any of our available loan resolution options. If you have any questions or concerns, please contact SPS. Our toll-free number is 800-258-8602 and representatives are available Monday through Thursday between the hours of 8 a.m. and 11 p.m., Friday from 8 a.m. to 9 p.m., and Saturday from 8 a.m. to 2 p.m., Eastern Time.

Sincerely,

Select Portfolio Servicing, Inc.

**Esta carta contiene información importante concerniente a sus derechos. Por favor, traduzca esta carta. Nuestros representantes bilingües están a su disposición para contestar cualquier pregunta. Llámenos al número 800-831-0118 y seleccione/marque la opción 2.**

**This information is intended for informational purposes only and is not considered an attempt to collect a debt.**

# EXHIBIT

## "G"

*Date: January 11, 2022*          *Wells Fargo PhotoCopy*          *Page 1 of 2*
*Request*

*Reference: 1002709451520:1002709451520:1002709427522*





**R/T Number**        10700543        **Processing Date**   20211221
**Sequence Number** 8519642186       **Amount**            20000.00
**Account Number**  4861513315       **Check Number**      6700801291

# EXHIBIT

## "H"

January 6, 2022

Daniel L. Jack & Rosa Jack

1185 To Lani Drive

Stone Mountain, GA 30083


Select Portfolio Servicing, Inc.

Post Office Box 65250

Salt Lake City, UT 84165-0250

RE: Demand for Release of Lien on Loan Acc. No. 0028612638


Dear Select Portfolio Servicing, Inc.,

On or about December 1, 2021, we forwarded you letter advising that we disputed the balance of our loan account as being inaccurate and higher than the actual amount we owed. The November 29, 2021 billing statement, from you, indicated that our account balance was $198,274.38. Accordingly, our letter advised you that we would forward you a cashier's check in the amount of $20,000.00 as a full and final settlement to settle the disputed debt amount of $198,274.38. Additionally, and more specifically, our letter advised you that your execution of this check is your tacit agreement to settle the above-mentioned account. See copy of Letter. On or about December 10, 2021, we forwarded you a cashier's check in the amount of $20,000.00, which you subsequently cashed on or about December 25, 2021. Accordingly, we thank for your acceptance of our settlement offer and therefore demand that you file the release of lien within 30 days of receipt of this letter.


Sincerely,

*Daniel L Jack*

*Rosa Jack*

## Certificate of Service

I, the undersigned, certify that I have delivered the foregoing document by U.S. mail prepaid first class to the attorneys or persons located at the addresses below:

**<u>Parties:</u>**

BRET J. CHANESS (GA Bar No. 720572)
PATTY WHITEHEAD (GA Bar No. 258296)
RUBIN LUBLIN, LLC
3145 Avalon Ridge Place, Suite 100
Peachtree Corners, GA 30071
(678) 281-2730 (Telephone)
(470) 508-9203 (Facsimile)
bchaness@rlselaw.com
pwhitehead@rlselaw.com
Attorneys for Select Portfolio Servicing, Inc.

This 7th day of November, 2022.

_____
Daniel Jack
1185 To Lani Drive,
Stone Mountain, GA 30083

9